# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE ECOLOGY CENTER; THE LANDS
COUNCIL,
            *Plaintiffs-Appellants,*

            v.

BOB CASTANEDA, in his official
capacity as Forest Supervisor for
the Kootenai National Forest;
BRADLEY E. POWELL, Regional
Forester of Region One of the
U.S. Forest Service; UNITED
STATES FOREST SERVICE, an agency
of the U.S. Department of
Agriculture,
            *Defendants-Appellees,*

OWENS & HURST LUMBER
COMPANY, INC.; E.M. LOGGING,
INC.; COUNTY OF LINCOLN; EUREKA
AREA CHAMBER OF COMMERCE;
TOWN OF EUREKA; COUNTY OF
SANDERS; MONTANA COALITION OF
FOREST COUNTIES,
            *Defendants-Intervenors-*
                   *Appellees.*

No. 04-35936

D.C. No.
CV-02-00200-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
September 15, 2005—Seattle, Washington

Filed October 19, 2005

14363

Before: Mary M. Schroeder, Chief Judge, Arthur L. Alarcón and Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Alarcón

**COUNSEL**

Thomas J. Woodbury, Missoula, Montana, for the plaintiffs-appellants.

Mark R. Haag, United States Department of Justice, Washington, DC, for the defendants-appellees.

Julie A. Weis, Haglund Kelley Horngren Jones & Wilder LLP, Portland, Oregon, for the defendants-intervenors-appellees.

---

**OPINION**

ALARCÓN, Circuit Judge:

Plaintiffs/appellants The Ecology Center, Inc. and The Lands Council (collectively, "Ecology Center") appeal from the order denying their motion for summary judgment on their National Environmental Policy Act ("NEPA") and National Forest Management Act ("NFMA") claims. Ecology Center also seeks reversal of the order granting appellees/defendants' motion to dismiss, and their Rule 60(b)(5) motion to dissolve the injunction the district court previously had issued. Ecology Center contends that the district court erred in denying its motion for summary judgment and granting defendants' motions because § 407 of the Flathead and Kootenai National Forest Rehabilitation Act, on which the district court relied, violates the separation of powers doctrine. We affirm because we conclude that § 407 of the Flathead and Kootenai National Forest Rehabilitation Act does not violate the separation of powers doctrine.

I

On December 9, 2002, Ecology Center filed a complaint against Bob Castaneda, Bradley Powell, and the United States

Forest Service (collectively, the "Forest Service"), challenging the Records of Decision the Forest Service issued under NFMA and NEPA approving timber sales in five project areas of the Kootenai National Forest. Ecology Center alleged that the Forest Service failed to document the existence of a minimum of 10% old growth habitat at elevations below 5,500 feet on a forest-wide basis in the Kootenai National Forest, as required by the Kootenai Forest Plan.

Ecology Center filed a motion for summary judgment and motion for preliminary injunction seeking to enjoin the timber sales the Forest Service had approved. On June 30, 2003, the district court granted Ecology Center a partial summary judgment based on its claim that the Forest Service failed to verify the minimum old growth habitat as required by the Kootenai Forest Plan, and that its decision to approve the challenged timber sales was "contrary to law under NEPA." The district court issued an injunction against continued timber sales pending resolution of the Forest Service's undertaking of an administrative process allowing for review and public comment on the Forest Service's information regarding the amount of old growth habitat in the Kootenai National Forest. The district court held, *inter alia*, that, although the project areas in which the logging was to occur had 10% old growth habitat, the Forest Service was out of compliance with the Kootenai Forest Plan because it failed to show that 10% old growth habitat existed on a forest-wide basis, as required by the Kootenai Forest Plan. The Forest Service and the intervenors in this case appealed from the order granting the injunction.

To satisfy the terms of the injunction, the Forest Service published the forest-wide old growth estimates from the administrative record and invited public comment. The Forest Service received comments from twenty-seven individuals and groups, including Ecology Center.

During the public comment period, Congress enacted the Flathead and Kootenai National Forest Rehabilitation Act,

Department of Interior and Related Agencies Appropriations Act of 2004, Pub. L. No. 108-108, 117 Stat. 1241, which the President signed on November 10, 2003. Section 407 provides:

> IMPLEMENTATION     OF     RECORDS     OF DECISION.
>
> The Secretary of Agriculture shall publish new information regarding forest wide estimates of old growth from volume 103 of the administrative record in the case captioned Ecology Center v. Castaneda, CV-02-200-M-DWM (D. Mont.) for public comment for a 30-day period. The Secretary shall review any comments received during the comment period and decide whether to modify the Records of Decision (hereinafter referred to as the "ROD's") for the Pinkham, White Pine, Kelsey-Beaver, Gold/ Boulder/Sullivan, and Pink Stone projects on the Kootenai National Forest. *The ROD's, whether modified or not, shall not be deemed arbitrary and capricious under the NFMA, NEPA or other applicable law **as long as** each project area retains 10 percent designated old growth below 5,500 feet elevation in third order watersheds in which the project is located as specified in the forest plan.*

§ 407, 117 Stat. at 1320 (emphasis added). After Congress enacted § 407, the Forest Service completed its review of the public comments and determined that it was not necessary to modify its Records of Decision relating to the five timber sales.

Ecology Center filed a second motion for summary judgment on November 10, 2003. It alleged that § 407 violates the separation of powers doctrine and requested summary judgment on its remaining NFMA and NEPA claims. The Forest Service opposed Ecology Center's motion and filed a cross-

motion to dismiss or, in the alternative, for summary judgment, on the grounds that (1) § 407 superceded the Kootenai Forest Plan, upon which the district court's June 2003 order and injunction were based, and (2) the Forest Service had satisfied the requirements of § 407. The Forest Service also filed a motion to dissolve the injunction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on the ground that it had satisfied the terms of the injunction.

In an order issued on June 15, 2004, the district court held that it lacked jurisdiction to consider the Forest Service's motions because of its pending appeal from the order enjoining the Forest Service's continued timber sales. Thereafter, this Court granted the Forest Service's and the intervenors' request for a voluntary dismissal of their appeal. Satisfied that it had jurisdiction, the district court granted the Rule 60(b) motion on August 20, 2004 and dissolved the injunction.

Relying on *Robertson v. Seattle Audubon Society*, 503 U.S. 429 (1992) and this Court's decision in *Stop H-3 Ass'n v. Dole*, 870 F.2d 1419, 1438 n.27 (9th Cir. 1989), the district court also rejected Ecology Center's argument that § 407 violates the separation of powers doctrine and held that "Congress has not impermissibly directed findings . . . by the terms of [§ 407], this Court could still, somehow, find there wasn't 10% on an area and prevent the [timber] sales . . . Congress has changed the underlying law." The district court denied Ecology Center's motion and granted the Forest Service's motion to dismiss Ecology Center's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It determined that, in light of § 407, Ecology Center's complaint failed to state a claim upon which relief could be granted. Ecology Center filed this timely appeal pursuant to 28 U.S.C. § 1291.

## II

Ecology Center contends that § 407 violates the separation of powers doctrine because it directs a rule of decision in a

pending case without changing the underlying substantive law. We review the constitutionality of a statute *de novo*. *Gray v. First Winthrop Corp.*, 989 F.2d 1564, 1567 (9th Cir. 1993). "A court should invalidate a statutory provision only for the most compelling constitutional reasons." *Id.* (citing *Mistretta v. United States*, 488 U.S. 361, 384 (1989)) (internal quotations omitted). "[C]ourts are obliged to impose a saving interpretation of an otherwise unconstitutional statute so long as it is 'fairly possible to interpret the statute in a manner that renders it constitutionally valid.' " *Gray*, 989 F.2d at 1568 (quoting *Communications Workers of America v. Beck*, 487 U.S. 735, 762 (1988)).

**[1]** Where a party claims that legislation "impermissibly interferes with the adjudicatory process" in violation of the separation of powers doctrine, we have recognized a two-part, disjunctive test. *Gray*, 989 F.2d at 1568 (Discussing *United States v. Klein*, 80 U.S. 128 (1871) and "related Supreme Court authority"). "The constitutional principle of separation of powers is violated where (1) 'Congress has impermissibly directed certain findings in pending litigation, without changing any underlying law,' or (2) 'a challenged statute is independently unconstitutional on other grounds.' " *Id.* (quoting *Seattle Audubon Soc. v. Robertson*, 914 F.2d 1311, 1315-16 (9th Cir. 1990), *rev'd*, 503 U.S. 429 (1992)). Ecology Center challenges § 407 only under the first prong of this test.

**[2]** Both parties rely on *Robertson v. Seattle Audubon Society*, 503 U.S. 429 (1992), in support of their respective positions concerning § 407. In *Robertson*, the Supreme Court analyzed whether § 318 of the Department of the Interior and Related Agencies Appropriations Act, 103 stat. 745, popularly known as the Northwest Timber Compromise, violated the separation of powers doctrine. 503 U.S. at 435-36. Congress enacted § 318 in response to ongoing litigation regarding the United States Forest Service's prohibition of timber harvesting on certain designated areas within 13 national forests in Oregon and Washington. *Id.* at 432.

The disputed language of § 318 appeared at subsection (b)(6)(A), which provided:

> The Congress hereby determines and directs that management of areas according to subsections (b)(3) and (b)(5) of this section on the thirteen national forests in Oregon and Washington and Bureau of Land Management lands in western Oregon known to contain northern spotted owls is adequate consideration for the purpose of meeting the statutory requirements that are the basis for the consolidated cases captioned Seattle Audubon Society et al., v. F. Dale Robertson, Civil No. 89-160 and Washington Contract Loggers Assoc. et. al., v. F. Dale Robertson, Civil No. 89-99 (order granting preliminary injunction) and the case Portland Audubon Society et al., v. Manuel Lujan, Jr., Civil No. 87-1160-FR.

*Id*. at 434-35. In analyzing § 318, the Supreme Court explained that "[b]efore subsection (b)(6)(A) was enacted, the original claims would fail only if the challenged harvesting violated none of the five old provisions. Under subsection (b)(6)(A), by contrast, those same claims would fail if the harvesting violated neither of the two new provisions [subsections (b)(3) and (b)(5)]." *Id*. at 438.

**[3]** The Supreme Court found nothing in subsection (b)(6)(A) that directed any particular findings of fact or application of old or new law to fact. *Id*. "Section 318 did not instruct the courts whether any particular timber sales would violate subsections (b)(3) and (b)(5) . . . ." *Id*. at 439. Accordingly, the Supreme Court held that § 318 was not unconstitutional because subsection (b)(6)(A) replaced the legal standard underlying the two original challenges with those set forth in subsections (b)(3) and (b)(5), without directing particular applications under either the old or the new standards. *Id*. at 437.

**[4]** Section 407 does not impermissibly direct findings without changing underlying law. Before § 407 was enacted, the Kootenai Forest Plan required that "[a]t any time, a minimum of 10% of the Kootenai National Forest land base below 5500 feet in elevation will be in old-growth timber condition, providing habitat for those wildlife species dependent on old-growth timber for their needs." (SER 11 at ¶ 41.) The district court determined that this standard required a minimum of 10% old growth habitat on a forest-wide basis below 5,500 feet prior to implementing timber sales.

**[5]** Under § 407, by contrast, timber sales can be implemented "as long as each *project area* retains 10 percent designated old growth below 5,500 feet." § 407, 117 Stat. at 1320 (emphasis added). Just as the legislation in *Robertson* changed the underlying law by declaring that the statutory requirements for harvesting are met if subsections (b)(3) and (b)(5) of § 318 are complied with, § 407 changed the underlying law by declaring that the "NFMA, NEPA or other applicable law" are met so long as 10% old growth habitat exists in "in each project area," rather than on a forest-wide basis as previously required.

**[6]** Nothing in § 407 directs particular findings of fact or the application of old or new law to fact. Section 407 does not direct that the district court find that 10% old growth exists, but instead declares that the statutory requirements for timber sales are met if there exists 10% old growth in the areas projected for logging. Under § 407, it is still the district court that determines whether there is 10% old growth on the project areas at issue.

Ecology Center argues that *Robertson* is inapplicable because the statute under review in that matter was not limited to that litigation, but instead applied prospectively to thirteen national forests. Ecology Center argues that because § 407 is limited solely to the timber sales at issue in this case, "[n]o clearer case could be made that Congress intended to deter-

mine the outcome of a particular piece of litigation . . . than in the case of this particular rider." Appellant's Opening Br. at 14. We disagree.

**[7]** In *Gray*, we held that "it is of no constitutional consequence that [legislation] affects, or is even directed at, a specific judicial ruling so long as the legislation modifies the law." 989 F.2d at 1569-70. "[N]o authority forbid[s] Congress from exempting a project which is the subject of pending litigation from the requirements of the statute which the project is alleged to violate." *Stop H-3 Ass'n*, 870 F.2d at 1438, n.27. "Congress clearly has the power to amend a statute and to make that change applicable to pending cases." *Gray,* 989 F.2d. at 1570. Indeed, in *Gray*, this Court recognized that *Robertson* "indicates a high degree of judicial tolerance for an act of Congress that is intended to affect litigation so long as it changes the underlying substantive law in any detectable way." *Id.* at 1569-70.

**[8]** Thus, the fact that Congress directed § 407 at a specific case pending before a district court does not render it an abuse of the separation of powers because it modified existing law relating to the old growth standards. *See Cook Inlet Treaty Tribes v. Shalala,* 166 F.3d 986, 991 (9th Cir. 1999) (legislation enacted by Congress while appeal was pending, "even if directed at this litigation, does not violate the separation of powers doctrine because it changes the underlying substantive law"); *see also Robertson*, 503 U.S. at 440 (rejecting respondents' contention that § 318 directed results under old law because it named two pending cases, the Court held that "[t]o the extent that subsection (b)(6)(A) affected the adjudication of the cases, it did so by effectively modifying the provisions at issue in those cases").

Ecology Center also maintains that § 407 clearly directed that the district court make factual findings. Nothing in the language of § 407 directs the district court to find that the requisite 10% old growth habitat exists in the areas projected for

timber sales. The record reflects that the district court found that the project areas had the requisite 10% old growth habitat before § 407 was enacted. Indeed, in denying Ecology Center's motion for summary judgment following the enactment of § 407, the district court noted its prior finding that the project areas appeared to have 10% old growth habitat.

## CONCLUSION

**[9]** Because § 407 changed the underlying law relating the old growth standards for timber sales in the Kootenai National Forest, and did not impermissibly direct findings, the statute does not violate the separation of powers doctrine. The district court did not err in dissolving the injunction.

**AFFIRMED.**